**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICAH D. KALENOWSKI,

    Plaintiff,

vs.

CITY OF LAS VEGAS, *et al.*,

    Defendants.

2:20-cv-01743-RFB-VCF

**ORDER**

Plaintiff's Motion for Leave to Amend Complaint [ECF No. 19]

Before the Court is plaintiff Micah Kalenowski's motion for leave to amend the complaint (ECF No. 19). The Court grants the motion: plaintiff has seven days to file his amended complaint.

**I.    Background**

Plaintiff Kalenowski brings 42 U.S.C. § 1983 claims for excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. (ECF No. 2). The deadline to amend in the operative discovery plan and scheduling order (at the time the plaintiff filed the instant motion), per the parties' stipulation, was March 29, 2021. (ECF No. 10). The plaintiff previously filed a motion for leave to amend, but withdrew it, and filed the instant motion on March 22, 2021. (ECF Nos. 13, 18, and 19).

Plaintiff moves to amend to add named defendant officers whose names were disclosed after the exchange of initial disclosures, and a Monell liability claim against the LVMPD as a municipality. (ECF No. 19 at 3). Plaintiff also moves to voluntarily dismiss the City of Las Vegas, Nevada. (*Id.*) Defendants argue in the response that the proposed amendment is futile because the statute of limitations has passed, and plaintiff's proposed amended claim (with the new defendants) does not relate back to plaintiff's original complaint. (ECF No. 20 at 3). Plaintiff argues in the reply that the original and proposed claim and new defendants share a common core of operative facts and thus relate back. (ECF No. 23 at 8-9).

1

**II.     Discussion**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

FRCP 15(c)(1) permits amendments to pleadings to add claims and parties that relate back to the date of the filing of the original complaint in many situations, including, "when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "[T]he applicable state statute of limitations for section 1983 claims is the limitations period for personal injury claims." *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), citing to *Wilson v. Garcia*, 471 U.S. 261, 279-80, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985) and *Owens v. Okure*, 488 U.S. 235, 57 U.S.L.W. 4065, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989). The statute of limitations for a personal injury action in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e).

Plaintiff previously sought leave to amend the complaint, but withdrew that motion to file the

instant motion, thus plaintiff has not previously sought leave to amend. There is no evidence that plaintiff's proposed amendment is made in bad faith or for the purpose of undue delay because (1) he filed it before the amended pleading deadline (that the parties stipulated to) in the operative scheduling order at the time he filed the instant motion for leave to amend and (2) the parties recently agreed to extend discovery (See ECF Nos. 21 and 22). Kalenowski diligently filed his motion for leave to amend soon after he learned the identities of the officers in discovery. Plaintiff also alleged that the municipality was liable for the officers' conduct in the original complaint (except that the plaintiff identified the City of Las Vegas instead of the LVMPD as the municipality). See (ECF No. 2).

The defendants will not be prejudiced by the amendment because the defendants can still take discovery regarding the new claims, and plaintiff's new claim against the new defendants are closely related to the claims in the original complaint. The Court finds that the defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claim against the new defendants are reasonably related to plaintiff's original claims. The plaintiff has shown good cause to amend his complaint.

Accordingly,

IT IS ORDERED that plaintiff Kalenowski's motion for leave to amend its complaint (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Thursday, May 13, 2021 to file his amended complaint.

DATED this 6th day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE